### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

TARRANCE TUCKER,

      **Plaintiff,**

**v.**

    Case No. 25-cv-47-RJD

AUBREY D. SEED, LEXI J. SARLES, and
BILLIE J. BAKER,

      **Defendants.**

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Tarrance Tucker, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center. His original Complaint alleged that Defendants spread rumors about him while he was housed in segregation. The Complaint was dismissed without prejudice for failure to state a claim, but he was granted leave to file an amended pleading. In his Amended Complaint (Doc. 14), Tucker alleges that Defendants retaliated against him, issued him a false disciplinary ticket, and placed him in danger from other inmates due to rumors they spread in the housing unit. He alleges violations of the First, Eighth, and Fourteenth Amendments.

1

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Amended Complaint

Tucker alleges that Defendants have sought to retaliate against him in numerous ways. They have put his life in danger by labeling him a "gay – small dick snitch" and issued him a false disciplinary ticket (Doc. 14, p. 7). Tucker alleges that he was housed in segregation on April 21, 2023 through April 29, 2023 as a result of a false disciplinary ticket he received on April 21, 2023. He believes the ticket was issued because he was trying to file grievances and access the court (*Id*. at p. 8). Tucker alleges that no amount of hearings could justify the misconduct he experienced.

On April 29, 2023, and again on September 3, 2023, Aubrey D. Seed came to the segregation area where Tucker was housed and told other inmates that Tucker was a "gay, small dick snitch" (Doc. 14, p. 8). On another occasion, Lexi J. Sarles, a mental health provider at the prison, also yelled out on the segregation unit that Tucker was a "gay,

---

[1] The Court has jurisdiction to screen the Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

small dick snitch" (*Id.* at p. 9). Billie Baker also organized a transfer inside the prison for Tucker due to the rumors, although Tucker fails to allege when this transfer occurred or where he was transferred to in the prison (*Id.*). Tucker alleges that these rumors led to an assault on him by another inmate (*Id.*). Shortly after the officials started the rumors, an inmate assaulted Tucker by a "soap-sock" which is when an inmate places a bar of soap in a sock and beats an inmate with it (*Id.*). Tucker alleges that he was severely injured in the assault, re-injuring a pre-existing spinal injury (*Id.* at p. 10).

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

Count 1:  **First Amendment retaliation claim against Aubrey Seed, Lexi Sarles, and Billie Baker for issuing a disciplinary ticket and spreading rumors about Tarrance Tucker in retaliation for Tucker filing grievances and/or trying to access the courts.**

Count 2:  **Eighth Amendment failure to protect claim against Aubrey Seed, Lexi Sarles, and Billie Baker for failing to protect Tucker from an inmate assault.**

Count 3:  **Fourteenth Amendment due process claim against Aubrey Seed, Lexi Sarles, and Billie Baker for issuing Tucker a false disciplinary ticket.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be**

**considered dismissed without prejudice as inadequately pled under the** *Twombly*

**pleading standard**.[2]

At this stage Tucker states a claim against Aubrey Seed and Lexi Sarles in Count

2. He alleges that these officials labeled him a snitch and communicated that label to other

inmates. "[L]abeling an inmate a snitch has the potential for great harm and may violate

constitutional guarantees." *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001). *See*

*also Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014); *Dale v. Poston*, 548 F.3d 563,

569-70 (7th Cir. 2008). Tucker alleges that he was later assaulted as a result of the officer's

actions. Thus, Count 2 shall proceed against Seed and Sarles. But Tucker fails to state a

failure to protect claim against Billie Baker. Although Tucker alleges that Baker

transferred Tucker, he fails to allege that Baker was aware of a specific threat to Tucker's

safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (a plaintiff must show that prison

officials were aware of a specific, impending, and substantial threat to their safety, often

by showing "that [they] complained to prison officials about a specific threat to [their]

safety"). There are no allegations to suggest that Baker was aware that other officers had

labeled Tucker a snitch, nor does Tucker allege that he informed Baker of a threat to his

safety. Thus, Count 2 is **DISMISSED without prejudice** as to Baker.

Tucker fails to state a retaliation claim against any defendant. To state a First

Amendment retaliation claim as alleged in Count 1, Tucker must allege that he engaged

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

in protected activity, "suffered a deprivation likely to deter such activity," and the "First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell,* 756 F.3d 983, 996 (7th Cir. 2014) (citations omitted). *See also Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Although Tucker alleges that he wrote grievances and tried to access the courts, he fails to provide any factual details about the nature of those grievances or his court claims. Nor are there any allegations to suggest that any of the defendants were aware of those grievances and court cases, or that those activities were the motivating factor for Defendants' actions. As the Court previously stated in dismissing Tucker's original Complaint, a successful complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2 624, 627 (7th Cir. 1990). Here, Tucker fails to allege when he wrote grievances or tried to access the court, the nature of those activities, whether the defendants were aware of those activities, and their actions in response to those activities. Tucker's conclusory statement that he engaged in protected activities is not enough to state a claim in Count 1.

As to his due process claim in Count 3, Tucker fails to allege how his due process rights were violated. He alleges that he was issued a false disciplinary ticket, but as the Court previously noted in dismissing Tucker's Complaint (Doc. 13, p. 3) the receipt of a false disciplinary ticket does not state a claim if the inmate received procedural due process in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). Due process safeguards that are associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an

5

impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). In addition, the decision of the adjustment committee must be supported by "some evidence." *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007). Tucker fails to offer any allegations regarding his disciplinary proceedings, whether he attended a hearing, was allowed to call witnesses, or even the charges that were issued against him. He also fails to identify the officer who wrote the ticket against him. Further, an inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Tucker fails to allege what discipline he received as a result of the disciplinary ticket. Without more factual allegations about the ticket and the disciplinary proceedings, it is unclear whether Tucker has a viable due process claim. Thus, Count 3 is also **DISMISSED without prejudice**.

## Motion to Counsel

In addition to his Amended Complaint, Tucker filed a motion for recruitment of counsel (Doc. 15). Tucker fails to indicate whether he contacted any counsel for representation. He only notes that there has been misconduct with the mail at the prison. Further, he fails to indicate a need for counsel. He notes that he has a mental health disability but fails to indicate the nature of that disability or how it affects his ability to

represent himself in this case. Further, given the early stage of the litigation process, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] There is nothing currently pending that would require the assistance of counsel. Thus, his request for counsel is **DENIED**. Once Defendants have been served and filed Answers, the Court will enter a scheduling order setting forth the next steps in the litigation process. If Tucker experiences difficulties in litigating the case at that point, he may submit another request for counsel.

### Disposition

For the reasons stated above, Count 2 shall proceed against Aubrey Seed and Lexi Sarles. Counts 1 and 3 and all claims against Billie Baker are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Aubrey Seed and Lexi Sarles: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Tucker. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Tucker, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Tucker, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Tucker is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply

8

with this order will cause a delay in the transmission of court documents and may result

in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 22, 2025**

> */s/ Reona J. Daly*
> **REONA J. DALY**
> **U.S. Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**