IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TARRANCE TUCKER,<br><br>Plaintiff,<br><br>v.<br><br>AUBREY D. SEED and LEXI J. SARLES,<br><br>Defendants. | ) | Case No. 25-cv-47-RJD |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC") at Menard Correctional Center, filed this lawsuit *pro se* and pursuant to 42 U.S.C. §1983. He alleges that his Eighth Amendment rights were violated at Lawrence Correctional Center ("Lawrence") in September 2023 when he was housed in segregation. On April 29, 2023 and on September 3, 2023, Defendant Seed allegedly told other inmates that Plaintiff was gay and a "snitch." Doc. 14, p. 8. Defendant Sarles yelled the same information in the segregation unit. *Id*., p. 9. Plaintiff was subsequently assaulted by another inmate. *Id*., pp. 8-9. Following the Court's threshold review conducted pursuant to 28 U.S.C. §1915A, Plaintiff's case proceeds on one Eighth Amendment claim against Defendants Seed and Sarles for their alleged failure to protect Plaintiff from an inmate assault. Doc. 16. Currently pending is Defendant Seed's Motion for Summary Judgment for failure to exhaust administrative remedies. Doc. 48.

**Exhaustion Requirements**

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007). An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident or problem 20 ILL. ADMIN. CODE § 504.810(a). Grievances involving discipline are sent directly by the inmate to the Grievance Officer. 20 ILL. ADMIN. CODE § 504.810(a). The grievance must contain "factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c). If the inmate does not know the name of the person(s) involved, he should provide "as much descriptive information about the individual[s} as possible." *Id*. If more than sixty days has passed since the discovery of the incident or problem, the grievance will still be considered if the inmate can demonstrate good cause for the lapse of time. *Id*. §504.810(a).

The grievance officer must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.* An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also*

*Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

**Summary Judgment Standard**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

**Plaintiff's grievance records**

On May 20, 2023, Plaintiff wrote a grievance that described an incident that occurred on May 1, 2023 in which Defendant Seed encouraged Plaintiff to expose his genitals but Plaintiff did not comply (hereinafter, the "Seed grievance"). Doc. 48-3, pp. 17-18. Plaintiff provided the following information in the grievance:

> He kept whispering….."I should write you up for a 107" later that day I received a ticket for a 107 sexual misconduct just because I did not listen to what he was saying now this is the same c/o who has been telling inmates I'm gay and I work for [Internal Affairs] putting my life in great danger…him an[d] other staff members say these things about me around people they know that don't like [Internal Affairs]."

*Id.*, p. 18. On January 3, 2024, the Grievance Officer recommended denial of the grievance. *Id.*,

p. 16. The Warden concurred on the same date. *Id*. Plaintiff signed the Warden's decision, indicating that he was going to appeal it. *Id*. His signature for the appeal is dated February 3, 2024. *Id*. The ARB received Plaintiff's grievance on May 20, 2024 and returned the grievance to him, noting that it would "not be addressed further" because the ARB "received the appeal 30 days past date of [the Warden's] decision." The ARB received multiple grievances from Plaintiff on May 20, 2024. *Id*., p. 4-38. Along with those grievances, Plaintiff sent a letter to the ARB that included the following passage:

> Hi my name is Tarrance Tucker. Today is the day I received all these grievances. I'm still missing a lot more that I wish I can send to you all. It's some that I never received the GRV # for. Please I should not be in jail like this I hope you all please help today is 5-15-24 I received eight grievances that I put in the post. I'm housed R6 Upper 8. The camera will show the sergeant giving me this stack of grievance[s] with this yellow paper. It's been over a year of drama of grievances I wrote. Please help I have sent mail [and] never got an answer back. Don't know if any of this stuff is getting to you all.

*Id*., p. 24.

## ***Pavey* Hearing**

At the outset of the hearing, Plaintiff explained to the Court that he was unable to review his grievance records prior to the hearing. The undersigned informed Plaintiff that following the hearing, he would have 14 days to submit any additional argument or materials for the Court to review.[1]

When asked to explain his efforts to exhaust, Plaintiff provided the following testimony:

> I filed an emergency grievance for the issue with Seed. They took their time with it. The time they was taking, it was me moving around, going to Court on another issue that I had. So I'm going back and forth. It was not catching up with me in time. Every step I was supposed to take as an inmate, the prisons' rules, I did. I tried to send it back to the regular way. The ARB told me that it didn't make it to the ARB in a 30 day time frame.

[1] Plaintiff filed a supplemental Response that did not contain any new information. Doc. 65.

Records submitted by Defendant Seed reflected that Plaintiff was at Stateville NRC from December 20, 2023 through January 17, 2024 related to a Court proceeding. Doc. 48-1, p. 2. Plaintiff then returned to Lawrence on January 17, 2023; he went back to Stateville from February 21, 2024 through March 6, 2024 (also related to a Court proceeding). Id., p. 1. Plaintiff returned to Lawrence on March 6, 2024. Id.

Counsel for Defendant Seed asked Plaintiff if he knew when the Warden signed the grievance that identifies Defendant Seed. Plaintiff testified that he does not, but he [Plaintiff] "signed it as soon as I got it, I sent it." Defense counsel asked Plaintiff if he agreed that he signed it on February 3, 2024. Plaintiff responded that it was possible, or he may have signed it on another date. Plaintiff wanted "it to be known I was on a court writ at NRC. I had a court date on the 23rd of February." The Court asked Plaintiff if he remembered sending the Seed grievance to the ARB in May 2024. Plaintiff testified that he remembered sending a letter to the ARB in May 2024 "saying I received all these grievances today, I remember trying to justify my actions at that time. I don't remember if the Seed grievance was part of the grievances."

**Discussion**

It is Defendant's burden to establish that there is no genuine issue of material fact regarding whether Plaintiff exhausted his administrative remedies. *Jackson v. Esser*, 105 F. 4th 948, 956 (7th Cir. 2024). Defendant Seed established that Plaintiff did not fully exhaust a grievance that contained the allegations against Defendant Seed in this lawsuit. Plaintiff argues that the prison officials at Lawrence did not timely respond to his grievances. Plaintiff was only required to exhaust the administrative remedies that were available to him; administrative remedies are not available if prison officials do not respond to a properly submitted grievance. *Id.*, at 957-58.

After holding a *Pavey* hearing, the Court is allowed to make a credibility determination that resolves factual disputes regarding Plaintiff's attempts to exhaust. *Id*., *citing Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). Having had the opportunity to judge Plaintiff's demeanor and testimony in comparison to the documentary evidence, the Court did not find Plaintiff credible when he testified that he sent the Seed grievance to the ARB immediately after he received it from the Warden. The Warden signed the grievance on January 3, 2024. Plaintiff's transfer records reflect that he was at Stateville on January 3, 2024 and did not return to Lawrence until January 17, 2024. Plaintiff signed his appeal to the Seed grievance on February 3, 2024. The record reflects that four months later, Plaintiff sent a stack of various grievances denied by the Warden in 2023-2024 to the ARB; the Seed grievance was included, though Plaintiff testified that he did not recall whether it was part of the May 2024 submission to the ARB. The only plausible inference from this evidence is that Plaintiff waited more than thirty days to appeal to the ARB after receiving the Warden's denial of the Seed grievance. Because Plaintiff did not timely appeal the Seed grievance, he failed to exhaust his administrative remedies against Defendant Seed.

**Conclusion**

Defendant's Motion for Summary Judgment on the issue of administrative remedy exhaustion is GRANTED. Plaintiff's claim against Defendant Seed is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to enter judgment accordingly at the close of the case.

Following the *Pavey* hearing, counsel for Defendant Sarles filed a Motion for Leave (Doc. 66) to file a Motion for Summary Judgment on the issue of administrative remedy exhaustion (Doc. 67) Plaintiff objects. Doc. 68. Defendant Sarles was previously given two opportunities

to file a Motion for Summary Judgment on the issue of exhaustion. Docs. 36 and 58. In her motion for leave, she explains that grievance records reflected that Plaintiff submitted a grievance to the Warden at Lawrence that identified her, but Plaintiff did not timely appeal the grievance to the ARB. Now that the *Pavey* hearing has concluded, Sarles' counsel believes that no genuine issue of material fact exists regarding whether Plaintiff timely appealed the grievance to the ARB. That may be so, but Defendant has not established good cause for her tardy motion; she knew prior to the *Pavey* hearing that the ARB returned to Plaintiff the grievance that identified her, finding that it was not timely appealed. If Defendant wants the Court to make a credibility determination regarding Plaintiff's efforts to exhaust, Defendant must file her Motion for Summary Judgment *prior* to the hearing.

**DATED: October 23, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**